FILED
U.S. DISTRICT COURT
DIV.
2012 NOV -8 PM 2: 29
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DOUGLAS GAINZA CESPEDES :
:
Petitioner, :
:
v. : CIVIL ACTION NO.: CV512-098
:
I.C.E. c/o UNITED STATES :
OF AMERICA, :
:
Respondent. :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Douglas Cespedes ("Petitioner"), who is currently housed at D. Ray James Correctional Institution in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response.[1] Petitioner filed a Traverse. For the reasons which follow, Petitioner's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Petitioner was convicted in the Middle District of Florida of: conspiracy to transport stolen vessels in foreign commerce, in violation of 18 U.S.C. §§ 2312 and 371; and aiding and abetting the transportation and attempted transportation of a stolen vessel in foreign commerce, in violation of 18 U.S.C. § 2312. Petitioner was sentenced to 37 months' imprisonment. Petitioner has a projected release date of May 30, 2013, via good conduct time credit. (Shaw Decl., Att. 1). The United States Immigration and Naturalization Service placed an immigration detainer on Petitioner on April 24, 2012. (Shaw Decl., Att. 5).

---

[1] Petitioner names "I.C.E. c/o United States of America" as the Respondent in this case. However, the only proper respondent in a section 2241 proceeding is the warden at the institution in which a petitioner is housed. 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

AO 72A
(Rev. 8/82)

In this petition, Petitioner asserts that, because he is Cuban, he is ineligible to participate in the Residential Drug Abuse Program ("RDAP"). Petitioner also asserts that his nationality prevents him from being released to a halfway house. Petitioner contends that he is forced to serve his sentence under circumstances which are more severe than the circumstances facing citizens under similar sentences. Respondent asserts that this petition should be dismissed because Petitioner failed to exhaust his administrative remedies.[2]

## DISCUSSION AND CITATION TO AUTHORITY

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

---

[2] Respondent and Petitioner aver that this is not a § 2241 petition. While it appears that Petitioner has brought a "mixed" petition, i.e., a petition containing claims pursuant to section 2241, as well as a claim pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the undersigned has analyzed this petition as falling under section 2241. Regardless of how this cause of action is characterized, Petitioner would have had to have exhausted his administrative remedies before filing with this Court. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). In addition, Petitioner was authorized to proceed *in forma pauperis* in this cause of action based on the $5.00 filing fee applicable to habeas corpus petitions (as opposed to the $350.00 fee applicable to Bivens actions).

AO 72A
(Rev. 8/82)

In Porter v. Nussle, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. 534 U.S. 516, 523 (2002). The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.[3] In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Inmates at D. Ray James must exhaust administrative remedies, beginning their grievance process locally with the Warden by using the contractor's grievance procedures.[4] (Doc. No. 6, p. 4). This involves an attempt at informal resolution, which, if unsuccessful, is followed by a formal complaint via a Step 1 administrative remedy form. Id. If the inmate is not satisfied with the resolution of the formal complaint, the inmate may appeal to the Bureau of Prisons' ("BOP") Administrator of the Privatization

---

[3] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

[4] The BOP contracts with GEO Group, Inc., to house approximately 2,200 low security criminal alien inmates at D. Ray James Correctional Facility. (Case Number CV511-69, p. 3, n.3).

3

Management Branch, so long as the appeal involves BOP related matters.[5] (Id. at p. 5). If the inmate is not satisfied with the Privatization Administrator's response, the inmate may make a final appeal to the BOP's Office of General Counsel. (Id.). If an inmate files an administrative remedy concerning a BOP related matter, the administrative remedies will be recorded in the BOP's SENTRY computer database. Pichardo v. United States of America, (Case Number CV511-69, Doc. No. 8, p. 3).

The issues raised in Petitioner's petition involve BOP related matters. (See, n.5). Petitioner has not filed a BOP administrative remedy during his incarceration, as shown by the SENTRY database. (Doc. No. 6-1, p. 6; Shaw Decl., Att. 7). Therefore, he has not exhausted his available administrative remedies regarding the issues raised in his petition. As Petitioner has not exhausted his available administrative remedies, the Court lacks subject matter jurisdiction to hear his petition. Petitioner is not entitled to relief under § 2241 (or Bivens).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's § 2241 petition be **DISMISSED**, without prejudice, due to Petitioner's failure to exhaust his available administrative remedies.

SO REPORTED and RECOMMENDED, this 8th day of November, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[5] Examples of BOP related matters which must be appealed through the BOP are: sentence computations, reduction in sentences, removal or disallowance of good conduct time, and an inmate's eligibility for early release upon successful completion of the RDAP. (Case Number CV511-69, p. 3, n.4).

AO 72A
(Rev. 8/82)